IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY LEE TANNER <br> (TDCJ No. 2007120), <br><br> Petitioner, <br><br> V. <br><br> LORIE DAVIS, Director <br> Texas Department of Criminal Justice <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | No. 3:20-cv-251-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Roy Lee Tanner, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. His action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through his habeas petition, Tanner challenges his Dallas County conviction for aggravated sexual assault of a child, for which he received a sentence of 40 years of imprisonment. *See State v. Tanner*, No. F14-76344-Q (204th Jud. Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 3 at 2. This criminal judgment was affirmed on direct appeal in

2016. *See Tanner v. State*, No. 05-15-00787-CR, 2016 WL 3517965 (Tex. App. – Dallas June 20, 2016, no pet.); Dkt. No. 3 at 3. And Tanner did not file a petition of discretionary review ("PDR") with the Texas Court of Criminal Appeals (the "CCA").

Years later, Tanner sought state post-conviction relief as to this conviction and sentence. *See Ex parte Tanner*, W14-76344-Q(A) (204th Jud. Dist. Ct., Dallas Cnty., Tex.) (petition signed Aug. 13, 2019). And, later in 2019, the CCA denied his state habeas application without written order. *See Ex parte Tanner*, WR-90,474-01 (Tex. Crim. App. Nov. 13, 2019).

After reviewing Tanner's Section 2254 application, the Court recognized that this action is likely time-barred and issued a questionnaire [Dkt. No. 5] to provide Tanner fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. The Court docketed his response on March 3, 2020. *See* Dkt. No. 6.

## Legal Standards

I. <u>Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the

petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original).[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

II. <u>Rule 4 Disposition</u>

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

**Analysis**

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Tanner failed to file a PDR in the CCA, his state criminal judgment became final for federal limitations purposes no later than "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*,

No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was 30 days after the Dallas Court of Appeals affirmed the judgment – or on July 20, 2016, *see Flores v. Quarterman*, 467 F.3d 484, 485–86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2.

And, "[b]ecause [Tanner's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than January 23, 2020, the date on which Tanner certifies that he placed it in the prison mailing system,[3] *see* Dkt. No. 3 at 12 – was filed more than 30 months too late.

The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Tanner asserts that he is actually innocent, *see* Dkt. No. 3 at 11; Dkt. No. 6 at 3-4, 6, and appears to also assert that his status as a non-lawyer and the alleged inadequacy of the prison law library are equitable grounds to excuse the untimely filing of this action, *see* Dkt. No. 6 at 5.

---

[3] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

First, "[i]t is well settled ... that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)). And Tanner's assertions concerning the alleged deficiencies in the prison law library fail to explain how those deficiencies prevented him from seeking habeas relief sooner. *See, e.g., Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (in examining whether an allegedly inadequate law library was a state-imposed impediment under Section 2244(d)(1)(B), holding that "to prevail, [a petitioner] must allege more than that the library was inadequate," and noting that there the petitioner "only alleges that the library at the transfer facility was inadequate. He does not at any point allege facts as to why the transfer facility's lack of legal materials prevented him from filing a timely habeas application. He does not, for example, allege that he had no knowledge of AEDPA's statute of limitations before he was transferred to the Huntsville facility which he claims had an adequate library.").

His gateway innocence assertions are based on a June 15, 2015 notice by the prosecution (acknowledged by Tanner's defense counsel and filed in the criminal case) disclosing that one of Tanner's minor victims stated, during a June 11, 2015 interview with prosecutors and their investigator, "that no one has touched her private parts, hurt her private parts, or touched her any where they are not suppose to touch." Dkt.

No. 6 at 8. Such evidence – disclosed prior to Tanner's conviction – certainly is not new, much less is it new and reliable evidence sufficient to persuade the Court "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

This action should therefore be dismissed with prejudice as time-barred.

## Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General. The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE