# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROY LEE TANNER, § | | |
| TDCJ No. 2007120 § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3:20-CV-251-S |
| § | | |
| DIRECTOR, TDCJ-CID § | | |

## ORDER

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. An objection was filed by Petitioner. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Through his objections to the findings, conclusions, and recommendation, Petitioner requests that the court appoint him counsel. "No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, under the Criminal Justice Act ("CJA"), as implemented by the Court's CJA Plan, *see* Misc. Order No. 3 (N.D. Tex. Dec. 20, 2018), "a [financially-eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require,'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)); *see also* Misc. Order No. 3, ¶ IV(A)(2)(b). For the reasons explained in the findings, conclusions, and recommendation, which the Court has reviewed *de novo* in light of Petitioner's objections, his habeas petition is time barred.

Therefore, under Section 3006A(a)(2)(B), the interests of justice do not require the Court to appoint him counsel.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event that Petitioner will file a notice of appeal, he must pay the applicable appellate filing fee ($505.00) or file a motion for leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

SIGNED November 19, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
    (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

2